**Salomon Flores RIVERA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–72914.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 29, 2008.

Salomon Flores Rivera, South Gate, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., Jeffrey L. Menkin, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, RYMER, and TROTT, Circuit Judges.

MEMORANDUM **

Salomon Flores Rivera, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

Flores Rivera's contention that the agency violated his right to equal protection by not allowing him to apply for suspension of deportation is unavailing. Flores Rivera was served with a Notice to Appear in 2003, when suspension relief was no longer available. *See Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107–08 (9th Cir.2003) (initiation of removal proceedings rather than deportation proceedings does not violate due process); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) (rejecting equal protection claim and upholding congressional "line-drawing" decisions that are rationally related to a legitimate government purpose).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.